NOT RECOMMENDED FOR PUBLICATION OR CITATION

Eastern District of Kentucky
F I L E D

MAY 3 - 2007

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 07-CV-76-DLB

GARY T. HAMM                                                                    PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

COVINGTON POLICE DEPARTMENT                                      DEFENDANT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Gary T. Hamm claims to be homeless, with an address of 205 West Pike Street,

Covington, Kentucky, 41011, only for receipt of mail. On April 13, 2007, he filed a *pro se* civil

rights complaint pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma*

*pauperis.* Based upon his affidavits, pauper status will be granted.

The complaint is now before the Court for initial screening.[1] 28 U.S.C. §1915(e)(2); *McGore*

*v. Wrigglesworth*, 114 F.3d 6701, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential

elements. He must show, first, that he has been deprived of rights secured by the Constitution or

laws of the United States and, second, that the defendants allegedly depriving him of those rights

acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand*

---

[1] A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal
pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106
(1976). A district court should, and this Court does, make a reasonable attempt to read the pleadings to state a valid
claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of
various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements.
*See Hall v. Bellmon*, 835 F.2d 1106, 1110 (10th Cir. 1991). Courts should not, however, assume the role of advocate
for the *pro se* litigant. *Id.*; *see also Berridge v. Heiser*, 993 F.Supp. 1136 (S.D. Oh. 1997).

Dockets.Justia.com

*Rapids,* 23 F.3d 990 (6th Cir. 1994).

## CLAIMS

The plaintiff asserts violations of his constitutional rights, as well as claims of false arrest and false imprisonment, which the Court construes as state tort claims.

## DEFENDANT

The plaintiff has named the Covington, Kentucky, Police Department as the only defendant.

## ORIGINAL ALLEGATIONS

The plaintiff's original allegations appear in identical pleadings, which consist of completed form complaints, entered into the docket as entries 1 and 2. One pleading, may, in fact, be a xeroxed copy of the other. In these pleadings, he alleges that the defendant wrongly arrested him for trespassing on the property of Welcome House, a homeless shelter at 205 West Pike Street in Covington, Kentucky. The Court notes that this is the same address which Hamm gives as his mailing address.

Plaintiff states that no staff member of Welcome House "press, pursue, or testified in Court," but, nonetheless, he pleaded guilty "by ignorance of the law." He claims to have tried to find out the name of the police officers and the judge involved, but the Kenton County Sheriff's Department would not release the information to him. It is Hamm's position that the officers were trying to run him out of Covington. He seeks damages and the appointment of counsel.

In response to the complaint form's question about when the complained-of events took place, the plaintiff has written, "Sometime in 2,005" [sic].

## ADDITIONAL ALLEGATIONS

The plaintiff has also made factual allegations in a series of motions and other documents

2

which he has sent to the Clerk of the Court.

In one group of handwritten papers, which have been entered on the docket as #7, there is one page which is labeled "Motion and Petition." On another page, the plaintiff asks for a jury trial; and on still another page, he complains that Welcome House and a Racheal Winter denied him "access to Services the U.S. Mail here in Covington, Ky." On the final page, Hamm writes that Fairhaven and someone whose first name is David and whose last name is illegible refused him "access to Fairhaven Homeless Shelter for Men, without cause." They are also alleged to have participated with the defendant police department in the violation of his constitutional rights.

Docket entry # 8 is another stack of handwritten papers, wherein the plaintiff seeks to amend his original allegations. He wants to add Welcome House and the Fairhaven Shelter as defendants; add harassment and discrimination claims; and change his demand for damages from the original amount of 150 million dollars to 250 million dollars.

On the first of three additional pages submitted and docketed together as docket entry #9, Hamm this time lists three defendants, the Covington Police Department, Welcome House, and Fairhaven, and states that he wishes to amend to add the allegations on the following pages. On these pages, the plaintiff first requests an *ex parte* hearing, contending that Hamilton County mental health professionals and "Ohio F.B.I. members" are harassing him and that the defendant police continue to discriminate.

Additionally, in this final submission, Plaintiff Hamm states that he wants the Court to (1) order Racheal Winters to give him the mail which she is illegally withholding; (2) direct the Covington police and the court there to surrender all records pertaining to him; and (3) require the Covington police "to show good cause for actions taken against me on 4/25/07 at 205 West Pike,

3

Cov. Ky 41011."

## DISCUSSION

To the extent that the plaintiff seeks compensation for events occurring in 2005, his claims are time-barred.

The state statute of limitations for personal injuries governs claims under the federal constitution and 42 U.S.C. §1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986). The statute of limitations which this Court must apply for civil rights actions arising in Kentucky is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§1983 actions in Kentucky are limited by the one-year statute of limitations found in §413.140); *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990).

In the instant case, the plaintiff's original allegations mentioned only one date. When asked the date of the events complained of, *i.e.*, the arrest for trespassing and guilty plea, he responded only "2,005." Any claim accruing at any time in 2005 would have expired on the same date on the following year, that is, 2006. Yet the plaintiff did not initiate this action until April 13, 2007, clearly after the running of Kentucky's 1-year statute of limitations.

When the face of the complaint shows that an action is time-barred, the case may been dismissed summarily upon screening. *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 920-921, 2007 WL 135890, **10 (2007). Accordingly, the original complaint herein will be dismissed.

Granting the plaintiff's later-filed motions to amend the original complaint, as requested, would not cure the fatal statute of limitations problem with regard to any event giving rise to a

constitutional claim in 2005. Courts have been consistent in holding that amendments of complaints should be freely granted under Federal Rule of Civil Procedure 15, in the absence of futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). However, the Court may deny a motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980). Accordingly, the amendments will not be allowed.

The date of 4/25/07, a time occurring after the filing of the complaint herein and the only other date mentioned by the plaintiff, is in his last submission seeking amendment. Record No. 9. However, even if this amendment were granted, the amendment would not salvage the instant complaint. This is because, while complaining of "actions taken against me" on that date, Hamm does not state what those actions were.

In short, the plaintiff has not set forth the factual basis of a claim arising from events on April 25, 2007, in a manner that gives the defendant proper notice and does not require either the defendant or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Thus, even were the amendment allowed and the 2007 claim added, the insubstantial, factless allegation which Hamm presents about it would warrant summary dismissal.

5

The Court takes the opportunity herein to advise the plaintiff that to the extent he seeks damages for his purported illegal conviction for trespassing, his complaint would warrant dismissal for another reason. The Supreme Court of the United States has barred lawsuits for damages via a Section 1983 proceeding until and unless the conviction has been invalidated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This has been called the "favorable termination rule."

Shortly after the Supreme Court's *Heck* decision came *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995), a 1983 action for damages for an illegal search of plaintiff's car which resulted in plaintiff's being charged with driving under the influence of drugs. The district court had declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of the alleged illegal...search and seizure or that such conviction has been set aside...." *Id.* at 1083. Because the plaintiff in *Schilling* could not get the conviction invalidated, his civil action was dismissed.

Applying *Heck* and its progeny to the instant case, this Court finds that a judgment in favor of Plaintiff Hamm on his claims about the trespass conviction would necessarily imply that the conviction was illegal. In fact, that is exactly what he alleges and exactly what he asks this Court

6

to conclude. Therefore, this plaintiff's claim for damages is not yet cognizable under 42 U.S.C. §1983, and dismissal, without prejudice, is required until a favorable judicial determination occurs.[2]

Moreover, to the extent that the plaintiff has stated claims under Kentucky law, they, too, will be dismissed. The federal courts have discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as §1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). However, when the federal claims against the defendants should be dismissed, then the pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994). Such is exactly the situation herein.

Thus, the instant action will be dismissed in its entirety, the dismissal to be without prejudice to Plaintiff's ability to bring a later cause of action should his 2005 conviction be invalidated or should he re-file with appropriate allegations regarding whatever events occurred in 2007. Additionally, just as it would be inappropriate to grant a futile motion to amend, the Court also finds that it would not be appropriate to grant Plaintiff's request for counsel.

A district court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. §1915(e). In determining whether to exercise this discretion, however, the Court must consider certain factors:

---

[2] Had the instant plaintiff alleged that his trespass conviction had been invalidated or should that conviction or any other be invalidated at any time in the future, the statute of limitations would not then be the problem that it is for Hamm today. The High Court explained in *Heck* that the cause of action arising from the false arrest and/or conviction does not accrue until the criminal proceedings have terminated. *Heck*, 512 U.S. at 489. Because the claim for relief does not exist until the conviction is set aside, the one-year statute of limitations does not begin to run until the date the conviction is invalidated.

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted) (quotation marks omitted). "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations omitted).

Exceptional circumstances warranting appointment of counsel do not exist herein. This action concerns events occurring too long ago to be cognizable or events which are more recent but about which nothing is known but the date. A plaintiff must do more than merely state a claim to warrant counsel, and the instant plaintiff has not even stated a cognizable claim. He has presented no complex issues or exceptional circumstances in this action so as to warrant the appointment of counsel. Therefore, this motion will be denied.

The plaintiff's remaining motions, including his late motions for a jury trial, additional amendments to the complaint, an *ex parte* hearing, and injunctive relief, will all be denied as futile or moot, in light of the dismissal of his complaint for the reasons stated herein.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)     Plaintiff Gary T. Hamm's motion to proceed *in forma pauperis*, as amended [Record Nos. 3, 6], is **GRANTED**;

(2)    that this action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants;

(3)    the plaintiff's request for court-appointed counsel [Record No. 2] is **DENIED**;

(4)    Plaintiff's motions for a jury trial, for several amendments, and for a hearing and injunctive relief [Record Nos. 7, 8, 9] are all **DENIED**.

This 3rd day of May, 2007.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\Hamm 07-76 MOO dismissing.wpd

9